The **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, Plaintiff–Appellee,**

v.

**Sandra COOK and Curtis Cook, Defendants–Appellants.**

No. 89–6227.

United States Court of Appeals, Sixth Circuit.

Argued July 30, 1990.

Decided Oct. 1, 1990.

Rehearing and Rehearing En Banc Denied Nov. 16, 1990.

William M. Safley, argued, James L. Charles, Elizabeth K. Webb, Nashville, Tenn., for plaintiff-appellee.

Gary D. Buchanan, argued, Brentwood, Tenn., for defendants-appellants.

Before KENNEDY, BOGGS and SUHRHEINRICH, Circuit Judges.

KENNEDY, Circuit Judge.

Appellants, Sandra and Curtis Cook, appeal a District Court order vacating an administrative hearing officer's decision directing Curtis Cook to attend the Brehm School in Carbondale, Illinois for the 1989–90 school year at the expense of the local school system. Appellee, the Metropolitan Government of Nashville and Davidson County, argues that the District Court's opinion should be affirmed.

At the time of the administrative hearing, Curtis Cook was an eighteen-year-old learning-disabled student in the eleventh grade. When Curtis was in the tenth grade, he was suspended from Glencliff High School as a result of an incident unrelated to his handicapped condition. The suspension resulted in his transfer to McGavock High School, a public high school operated by appellee. During the fall semester of his junior year, Curtis began experiencing some major problems with his school work. In order to correct these problems, three multi-disciplinary team (M-team) meetings between the parents of Curtis Cook and the government's special education personnel were held pur-

suant to the Education For All Handicapped Children Act (the Act), 20 U.S.C. § 1400 *et seq.* (1978). The dispute between the two parties arose out of those M-team meetings. Curtis Cook's parents maintained that Curtis should be placed at the Brehm School, and the government contended that Curtis' needs could be served at McGavock.

An administrative hearing was held before a State Department of Education Administrative Law Judge (hearing officer). The hearing officer concluded that Curtis Cook should be placed at the Brehm School. In reaching her decision, the hearing officer stated:

> Intensive reading and language therapy must be provided if this young man is to make academic progress. Further, intensive tutoring in study and organizational strategies, counseling and management procedures by an individual trained and experienced in providing remedial compensatory therapy for individuals with similar language learning disabilities is necessary. The student needs to be educated not only in the acquisition of necessary academic skills: he also needs to be educated as to the nature of his handicap and effective techniques for minimizing or overcoming it in daily life.

> In terms of individualized pre-teaching and instruction in his grade level curriculum, the Hearing Officer finds that there must be extensive coordination and communication among all teachers, often on a daily basis, with a capacity to change instructional strategies quickly. Such coordination and capacity for modifying and fine-tuning this student's educational program is not simply advisable: it is critical.

The hearing officer concluded:

> Given his capacity for education and remediation as indicated by Dr. Kaas and by Ms. Cosgrove, it cannot be said that this young man has received an appropriate education within the meaning of the federal law.

> For these reasons, the Hearing Officer finds that this student should be placed at the Brehm School. The evidence elicited at the hearing indicated that this academic setting could provide the degree of intense, coordinated, flexible instruction by professionals experienced in dealing with his peculiar handicapping condition which this student needs.

In the hearing before the hearing officer, the only placement proposed by appellee was the McGavock placement.

The government appealed the decision of the hearing officer, challenging only the placement of Curtis Cook in the Brehm School. Appellee argued that the hearing officer's decision to place Curtis in the Brehm School did not comply with the statutory requirement that the free, appropriate education required by the Act be provided in the least restrictive environment possible in light of the child's particular needs. *See* 20 U.S.C. § 1412(5)(B). The District Court agreed. The court noted that there was no testimony before the hearing officer concerning whether other placements less restrictive than Brehm could provide the services necessary to accomplish the five objectives set forth by the hearing officer. The court stated, however, that the testimony before it presented alternatives and "strongly suggested that Curtis' educational objectives, as explicated by the hearing officer could be provided in Hillwood School, where Curtis could have the opportunity to participate in the marching band and to take classes with non-handicapped children." The court also stated that the testimony suggested that Benton Hall School may meet Curtis' needs as well. Thus the court vacated the hearing officer's placement order and ordered Curtis' M-team to meet within ten days to develop a new Individualized Educational Program (IEP) incorporating the findings of the hearing officer regarding Curtis' broad educational needs and implementing a program to meet those needs in the least restrictive environment consistent with the requirements of the Act.

Appellants' sole argument on appeal is that the evidence relating to the placements at Hillwood and Benton Hall considered by the District Court was inadmissible under the additional evidence clause

of 20 U.S.C. § 1415(e)(2). This section provides in part:

> In any action brought under this paragraph the court shall receive the records of the administrative proceedings, *shall hear additional evidence at the request of a party,* and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(e)(2) (emphasis added).

Appellants argue that allowing the introduction into evidence of alternative placements not reviewed during the administrative hearing is inconsistent with the Act. They assert that the school system could have addressed the Hillwood or Benton Hall placements during the administrative process yet failed to do so. They note that two of the three witnesses who testified in support of the Benton Hall and Hillwood placements at the hearing before the District Court were involved in the M-team meetings relating to Curtis Cook and that one of these witnesses testified at the administrative hearing.

Appellants base their argument on a First Circuit opinion, *Town of Burlington v. Department of Educ.,* 736 F.2d 773 (1st Cir.1984), *aff'd on other grounds,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). After the court noted that it found "no legislative history to guide [it] ... on the construction to be given 'additional evidence'" (*Id.* at 790 n. 20) as employed in 20 U.S.C. § 1415(e)(2), the court stated that it construed the term "additional" "in the ordinary sense of the word to mean supplemental." *Id.* (citation omitted). The court elaborated, "Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony...." *Id.* The portion of the opinion upon which appellants most heavily rely reads as follows:

> A trial court must make an independent ruling based on the preponderance of the evidence, but the Act contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for supplementation will vary;

they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

*Id.* at 790 (footnote omitted).

■ Insofar as this language suggests that additional evidence is admissible only in limited circumstances, such as to supplement or fill in the gaps in the evidence previously introduced, we decline to adopt the position taken by the First Circuit. "Additional," in its ordinary usage, implies something that is added, or something that exists by way of addition. To "add" means to join or unite; the limitation on what can be joined inherent in the term "supplement" is not present in the term "add."

It should also be noted that appellants, in citing the above language from *Town of Burlington,* failed to consider the following statements by the court:

> We decline to adopt the rule urged by defendants that the appropriate construction is to disallow testimony from all who did, or could have, testified before the administrative hearing. We believe that, although an appropriate limit in many cases, a rigid rule to this effect would unduly limit a court's discretion and constrict its ability to form the independent judgment Congress expressly directed. A salient effect of defendants' proposed rule would be to limit expert testimony to the administrative hearing. Our review of the cases involving the Act reveals that in many instances the district court found expert testimony helpful in illuminating the nature of the controversy and relied on it in its decisional process.

> . . . . .

> The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to

change the character the hearing from one of review to a trial *de novo*.[1] ... In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Id.* at 790–91 (footnote omitted) (footnote added).

This portion of the opinion suggests that even the First Circuit would not have found fault with the consideration of the evidence of additional placements in the present case. *Town of Burlington* leaves the determination of what additional evidence may be admitted to the trial court. In the present case, the admission of additional evidence regarding less restrictive placements does not undercut the statutory role of administrative expertise. It is appropriate for a court that has determined that a hearing officer failed to consider the statutorily least restrictive alternative requirement to consider less restrictive placements.

■ Thus we agree with appellee that the admission of evidence regarding the Hillwood and Benton Hall schools was proper. We find that the District Court did not err in vacating the hearing officer's placement order and ordering the M-team to meet within ten days to develop a new IEP incorporating the findings of the hearing officer regarding Curtis' broad educational needs and implementing a program to meet those needs, in the least restrictive environment consistent with the requirements of the Act. Accordingly, we AFFIRM the judgment of the District Court.

---

1. This Court has determined that *Board of Education v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), "'requires a *de novo* review [of the due process hearing] but that the district court should give due weight to the state administrative proceedings in reaching its decision.'" *Doe v. Smith*, 879 F.2d 1340, 1343 (6th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 730, 107 L.Ed.2d 749 (1990) (quoting *Roncker v. Walter*, 700 F.2d 1058, 1062 (6th Cir.), *cert. denied sub nom. Cincinnati City School Dist. Bd. of Educ. v. Roncker*, 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 171 (1983)).