TANYA, a Minor, by and through her mother
Mrs. "X," Appellee and Cross–Appellant,

v.

**CINCINNATI BOARD OF EDUCATION,** Appellant and Cross–Appellee.

[Cite as *Tanya v. Cincinnati Bd. of Edn.* (1995), 100 Ohio App.3d 52.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–930541, C–930583.

Decided Jan. 18, 1995.

*Barbara J. Cook* and *John E. Schrider, Jr.,* and *Legal Aid Society of Cincinnati,* for appellee/cross-appellant.

*William H. Blessing* and *John P. Concannon,* for appellant/cross-appellee.

*Per Curiam.*

The Individuals with Disabilities Education Act ("IDEA"), Section 1400 *et seq.*, Title 20, U.S.Code, provides state and local agencies with federal funds to assist them in educating children with disabilities. In order to receive the funds, the state must demonstrate that all children with disabilities are assured "the right to a free appropriate public education." Section 1412(1), Title 20, U.S.Code. A "free appropriate public education" includes special education and related services. Section 1401(a)(18), Title 20, U.S.Code. "Related services" means transportation, and such developmental, corrective, and other supportive services (including speech pathology and audiology, psychological services, physical and occupational therapy, recreation, including therapeutic recreation, social work services, counseling services, including rehabilitation counseling, and medical services, except that such medical services shall be for diagnostic and evaluation purposes only) as may be required to assist a child with a disability to benefit from special education, and includes early childhood identification and assessment of disabling conditions in children. Section 1401(a)(17), Title 20, U.S.Code; R.C. 3323.01(C).

█ The state is also required, to the extent appropriate, to educate children with disabilities with children who are not disabled. Section 1412(5), Title 20, U.S.Code. In order to comply with the federal statutes, the Ohio legislature enacted R.C. Chapter 3323.

█ The education of each disabled child must be tailored to that child's individual needs through the development of an "individualized education program" ("IEP"), which is prepared through consultation among school personnel, the child's parents and, in some cases, the child. Sections 1401(a)(18) and (20), Title 20, U.S.Code. The IEP must be reviewed at least annually and must be revised when appropriate. Section 1414(a)(5), Title 20, U.S.Code. Parents who are dissatisfied with their child's IEP are entitled to an impartial due process hearing and to further appeal to a state educational agency. Either the parents or the school district may appeal the decision of the state agency to a state court or a federal district court. Sections 1415(b)(2), (c) and (e)(2), Title 20, U.S.Code. A state court of common pleas hearing such an appeal must first determine whether the school district has complied with the procedural requirements of IDEA in developing the IEP; and then the court must determine whether the proposed IEP is "reasonably calculated to enable the child to receive educational benefits." *Hendrick Hudson Cent. School Dist. Bd. of Edn. v. Rowley* (1982), 458 U.S. 176, 206–207, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690, 711–713.

· In reviewing the decision of the state agency, the common pleas court "shall receive the records of the administrative proceeding, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." Section 1415(e)(2), Title 20, U.S.Code; *School Commt. of Burlington v. Massachusetts Dept. of Edn.* (1985), 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385.

Plaintiff-appellee/cross-appellant Tanya is an eight-year-old girl described by the trial court as "bright, curious and highly motivated." She was born with spina bifida and as a result breathes with the assistance of a tracheostomy tube. Her tracheostomy tube requires suctioning every twenty to forty minutes. Initially, Tanya also had a gastrostomy tube through which she was fed and was on a ventilator.

Tanya is identified as "orthopedically or other health impaired" pursuant to IDEA, and she is entitled to educational services from the Cincinnati Public Schools in accordance with her IEP. Pursuant to her IEP, Tanya received one hour of home instruction per day during 1990–1991, her kindergarten school year, and 1991–1992, her first-grade school year. She did not receive physical therapy or speech therapy during that time.

Tanya's mother disputed the home instruction, requesting school placement for Tanya. In the alternative, Tanya's mother requested additional home instruction. The Cincinnati Board of Education ("CBE") refused school placement, stating that Tanya needed the services of a full-time attendant who was at least a licensed practical nurse ("LPN"). According to the CBE, the services of a full-time nurse constituted "medical services," which the CBE was not required to provide.

A due process hearing was held January 6 and 7, 1992, on the challenge to the IEP. The impartial hearing officer found that substantial due process had occurred and that the CBE had acted in good faith in developing Tanya's IEP. The hearing officer further found that Tanya's IEP should be modified to provide for placement of Tanya at Roselawn Condon School, where the CBE educated a number of disabled children. The hearing officer's decision stated in part:

"THEREFORE IT IS ORDERED that Tanya's IEP shall be modified to provide for placement at the Roselawn Condon School in the Orthopedic and Other Health Handicapped class and it shall include appropriate 'School Health Services' and the services of an attendant as a 'Related Service' so that she can benefit from her Special Education Program.

"This decision does not mandate that the school district provide an RN or an LPN to constantly be with Tanya. It may be sufficient for the school district to have one of the two LPNs or the RN suction and check on Tanya at regular intervals and to have the classroom teacher or aide monitor Tanya the rest of the time. If the nurses are available by intercom or voice pager, the teacher or the aide can contact the nurse for extra suctioning or emergencies. Even in a hospital, it is doubtful that Tanya would receive constant one on one monitoring by a RN or LPN.

" * * *

"The foregoing are merely suggestions and are by no means a requirement that is being imposed on the school district. The school district is free to use its best judgment on how and who will provide the services so that Tanya can benefit from her Special Education Program."

The CBE appealed the hearing officer's decision to the State Superintendent of Public Instruction. The state-level review officer ("SLRO") found that Tanya was "an appropriate candidate for school placement," but that because of her tracheostomy she needed "constant nursing care." The SLRO held that "constant nursing care" constituted "medical services" which the CBE was not required to provide. The SLRO also held that Tanya was receiving a "free appropriate public education" under the terms of her IEP and that any modifications to the IEP should be made by Tanya's IEP team.

Tanya appealed to the Hamilton County Court of Common Pleas, seeking injunctive relief and any other remedies to which she may have been entitled under IDEA and the Rehabilitation Act of 1973, Section 701 *et seq.,* Title 29, U.S.Code. Tanya also requested compensatory education for the year that she was kept out of school pending the administrative hearing.

Section 794(a), Title 29, U.S.Code provides in part:

"No otherwise qualified individual with a disability * * * shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance * * *."

It was undisputed that Tanya was an otherwise qualified individual with disabilities, and that the Cincinnati Public Schools received federal financial assistance. The only element of a *prima facie* case under the Rehabilitation Act which remained to be proved was that Tanya had been denied a benefit solely by reason of her disabilities. At the time of the hearing before the trial court, Tanya no longer needed the gastrostomy tube or the ventilator at school. Only her tracheostomy needs prevented Tanya from obtaining in-school instruction.

After hearing additional evidence, the common pleas court held that the failure of the CBE to place Tanya in a school environment with health-care services violated both IDEA and the Rehabilitation Act. The common pleas court entered a decision, which states in part:

"The evidence at trial established that the cost suggested by the school district, that is, a one-on-one LPN or RN may not be the type of service required. Rather, the accommodation need only be that a medically trained individual be available to respond within one to three minutes to replace Tanya's tracheostomy tube should it become dislodged. Tanya now has the ability to communicate her need for help in replacing the tube. A lay person can assist Tanya with her suctioning needs until she is fully able to handle this herself. This accommodation could be provided in a number of ways, including the training of classroom personnel, the school nurse, or perhaps most practically, by sharing the cost of the two private nurses already present in the classroom attending to the needs of other students. In any event, the accommodation required by Tanya's physical condition is feasible and not unduly burdensome.

" * * * *

"The Court therefore orders that:

"1. The decision of the State Level Review Officer be and is hereby reversed, and that the decision of the Hearing Officer placing Tanya in a classroom with appropriate related services provided by the Cincinnati Board of Education be and is hereby reinstated.

"2. The Cincinnati Board of Education be and is hereby permanently enjoined from failing to place Tanya in a classroom setting with appropriate related services and accommodations to assist her with personal health care needs."

The CBE timely appealed to this court. Tanya cross-appealed from the trial court's failure to award compensatory education.

The CBE's first assignment of error alleges:

"The trial court erred by applying the wrong standard of review. It exceeded a court's proper appellate role under Ohio and federal law when it (1) did not give the required due deference to the state administrator's final decision under IDEA, and (2) when it based its decision on the court's conclusion about what Tanya's medical and educational needs were on the date of its decision rather than on the findings of the SLRO."

IDEA provides for judicial review of the SLRO's decision in state or federal court. *School Commt. of Burlington v. Massachusetts Dept. of Edn., supra.* The reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.;* Section 1415(e)(2), Title 20, U.S.Code.

█ The determination of what is "additional" evidence must be left to the sound discretion of the trial court, which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo. Ojai Unified School Dist. v. Jackson* (C.A.9, 1993), 4 F.3d 1467, certiorari denied (1994), 513 U.S. ——, 115 S.Ct. 90, 130 L.Ed.2d 41; *Town of Burlington v. Massachusetts Dept. of Edn.* (C.A.1, 1984), 736 F.2d 773, affirmed (1985), 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385. The evidence may include relevant events occurring subsequent to the administrative hearing. *Id.; Metro. Govt. of Nashville & Davidson Cty. v. Cook* (C.A.6, 1990), 915 F.2d 232; *Cremeans v. Fairland Local School Dist. Bd. of Edn.* (1993), 91 Ohio App.3d 668, 633 N.E.2d 570, motion to certify overruled (1994), 69 Ohio St.3d 1410, 629 N.E.2d 1371.

█ We have reviewed the record and we find no abuse of discretion on the part of the trial court in admitting the additional evidence. We note that a portion of the evidence about which the CBE complains was admissible as to Tanya's claim under the Rehabilitation Act. We point out the circumstances in cases such as the one *sub judice* are ever-changing. The trial court necessarily focused on Tanya's needs at a given point in time. The trial court followed the statutory mandate, allowing additional evidence and conducting a review based upon a preponderance-of-the-evidence standard, while giving due deference to the

decision of the SLRO. We find no error in this procedure. The assignment of error is overruled.

The third and sixth assignments of error raised by the CBE essentially allege that the trial court erred in ordering the CBE to provide a "one-on-one" nurse for Tanya because the services of a full-time nurse are "medical services" which the CBE is not required to provide under the IDEA or the Rehabilitation Act. The assignments of error are overruled because the record does not demonstrate the errors of which the CBE complains. The trial court did not order the CBE to provide full-time nursing care for Tanya.[1]

CBE's fourth assignment of error alleges that the trial court erred in holding that the school district's provision of home instruction for Tanya failed to provide her with the "free appropriate education" required by IDEA.

Pursuant to IDEA, Tanya is entitled to a "free appropriate education" and an IEP that is "reasonably calculated" to enable her to "receive educational benefits." *Hendrick Hudson Cent. School Dist. Bd. of Edn. v. Rowley, supra,* 458 U.S. at 206–207, 102 S.Ct. at 3051, 73 L.Ed.2d at 690. We have examined the record and we hold that it overwhelmingly supports the trial court's determination that Tanya's IEP, which provided her with one hour of home instruction per day, was inadequate to enable Tanya to receive educational benefits. The testimony showed that Tanya's progress was due in large part to her mother's efforts. Tanya's mother spent considerable time each day educating Tanya with school materials she had purchased or which had been handed down by Tanya's brother. The record supports the trial court's conclusion that due to Tanya's intelligence and abilities she requires more than one hour of special education per day. The assignment of error is overruled.

CBE's fifth assignment of error alleges that the trial court erred in allowing Tanya's mother to testify as to Tanya's "medical needs."

The record reveals that the trial court did not allow Tanya's mother to testify as a medical expert. She was permitted to testify as to her day-to-day observations of Tanya, including her observation that Tanya is "safe" for about two to three minutes if her tracheostomy tube becomes dislodged. Further, she was permitted to testify that she learned to care for Tanya's tracheostomy tube in approximately ten minutes.

Evidentiary rulings are within the broad discretion of the trial court and will only be reversed on appeal for an abuse of discretion which amounts to

---

1. Because the trial court did not order the CBE to provide full-time nursing care for Tanya, we do not reach the issue of whether such care constitutes "medical services" or "related services."

prejudicial error. *Leichtamer v. Am. Motors Corp.* (1981), 67 Ohio St.2d 456, 473, 21 O.O.3d 285, 296, 424 N.E.2d 568, 581. We find no abuse of discretion on the part of the trial court in allowing Tanya's mother's testimony. The fifth assignment of error is overruled.

The second assignment of error raised by the CBE alleges that the trial court erred in issuing an injunction which permanently enjoined the CBE from failing to place Tanya in a classroom. We agree.

While we affirm all other portions of the trial court's judgment, including that portion which reinstated the decision of the hearing officer and required Tanya to be placed in a classroom with appropriate related services, we must reverse the granting of a permanent injunction. We recognize that IDEA, in providing that the trial court "shall grant such relief as the court determines is appropriate," gives the trial court some discretion in fashioning a remedy. See Section 1415(e)(2), Title 20, U.S.Code. However, we hold that a permanent injunction is not appropriate under the facts of this case.

IDEA requires that the IEP be reviewed at least annually and revised when appropriate, Section 1414(a)(5), Title 20, U.S.Code, in order to meet the ever-changing needs and circumstances of a disabled child. In fact, the evidence showed that Tanya has progressed during the pendency of this lawsuit. The trial court has effectively removed any opportunity for the CBE to change Tanya's placement if her condition should deteriorate or if some other valid reason should arise. We hold that under the circumstances of this case, the issuance of a permanent injunction is inappropriate. CBE's second assignment of error is sustained.

We now turn to the assignments of error raised by Tanya on her cross-appeal. Tanya's first assignment of error alleges that the trial court erred in refusing to award compensatory education for the time she was kept on one-hour-per-day home instruction.

The request for compensatory education was not raised before the district hearing officer or the SLRO. The amended complaint before the trial court contained a request for compensatory education, but the request did not specify what compensatory education Tanya was seeking. The request was not articulated at trial and no specific evidence was presented on this issue. Because the record does not reveal what the claim for compensatory education specifically entailed, we cannot say the trial court erred in failing to award compensatory education. The assignment of error is overruled.

The second assignment of error raised by Tanya alleges the trial court erred in denying her request for discovery related to services needed by and provided to other children by the CBE.

■ The regulation of discovery practice is committed to the sound discretion of the trial court. *Smith v. Klein* (1985), 23 Ohio App.3d 146, 23 OBR 387, 492 N.E.2d 852. The ruling of the common pleas judge on a discovery motion must stand unless the record manifests an abuse of discretion. *Ohio Bar Liab. Ins. Co. v. INA Underwriters Ins. Co.* (Nov. 7, 1990), Hamilton App. No. C–890651, unreported, 1990 WL 173456. After a review of the record, we hold that the trial court did not abuse its discretion in ruling on Tanya's discovery motion. The assignment of error is overruled.

Tanya's third assignment of error alleges the trial court erred in finding that the cost of the full-time aide for Tanya was $34,520. The parties agreed that the cost of nursing care and ambulance transportation for Tanya from October 15, 1992 to the end of the school year was $29,135.20. The trial court used simple mathematics to conclude that the cost for the entire year was $34,520.

The trial court stated in its decision that "[t]he evidence at trial established that the cost for the school year, in the form of compensating an LPN assigned only to Tanya, approximated $34,520." The trial court misspoke. The record shows that the cost of the aide and the ambulance service combined was $34,520. Therefore, the trial court's decision should be modified to reflect that the $34,520 figure included both the aide service and the ambulance transportation service for Tanya. The assignment of error is sustained.

While this observation is clearly an aside to our decision, we are convinced that we have implemented in it the intentions of the General Assembly. No one, we believe, can fail to empathize with Tanya's mother and with those others charged with furthering Tanya's education. On the other hand, public funds are not unlimited and must be husbanded to accomplish attainable ends without imposing insupportable economic burdens upon public agencies. If our perceptions of legislative intents are incorrect, it would seem then that the General Assembly should react to the kind of dilemma presented here because the solutions must be handled administratively and are beyond the grasp of the courts.

The portion of the trial court's judgment issuing a permanent injunction is reversed and the cause is remanded with instructions to the trial court to lift the injunction. Further, the trial court is instructed to modify its decision to reflect that $34,520 constitutes the cost of both the full-time aide and the ambulance service for Tanya for the 1992 school year. The trial court's decision is affirmed in all other respects.

*Judgment accordingly.*

SHANNON, P.J., DOAN and GORMAN, JJ., concur.