Ben JOHNSON, by and through his parents and legal guardians, Ron and Susan JOHNSON, Plaintiffs,

v.

OLATHE DISTRICT SCHOOLS, Unified School District No. 233, Special Services Division, Defendant.

No. 02–2164–CM.

United States District Court, D. Kansas.

Jan. 28, 2003.

Jeffery A. Sutton, Jamison & Associates LLC, Kansas City, KS, for plaintiffs.

Michael G. Norris, Melissa D. Hillman, Norris, Keplinger & Herman, L.L.C., Dan Biles, Gates, Biles, Shields & Ryan, P.A., Overland Park, KS, Rodney J. Bieker, Kansas Department of Education, Topeka, KS, for defendant.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This case is an appeal seeking *de novo* review, pursuant to 20 U.S.C. § 1415(i)(2)(A), of administrative decisions made by the Kansas State Board of Education with respect to Ben Johnson, a student with autism allegedly entitled to special education services under the Individuals with Disabilities Education Act ("IDEA").[1] Currently pending before the Court is Defendant's Motion for Protective Order (doc. 14). More specifically, Defendant seeks to preclude Plaintiffs from requesting the following discovery, which was outlined in an October 11, 2002 letter from Plaintiffs' counsel:

(1) Cellular phone records from 11/01/01 [sic] through 3/31/01 for Dr. Vincent Barone, Katie Tabscott–Cook, Gerry Reynaud and Erin Dugan;

(2) Pager records from 11/01/01 [sic] through 3/31/01 for Dr. Vincent Barone;

(3) District Employee Attendance and Payroll Records from 1/01/01 through 3/15/01 for Dr. Vincent Barone, Katie Tabscott–Cook, Brooke DeWitt and Carrie Seckar;

(4) Katie Tabscott–Cook original contract of hire with the Olathe School District;

(5) Amounts paid to the following individuals from Olathe School District form 1/01/01 to 12/31/01: Dr. Richard Simpson, Dr. Glen Dunlap, Dr. Vincent Barone and Katie Tabscott–Cook;

(6) Copies of all communications, including attachments or enclosures, had between Dr. Richard Simpson, Dr. Glen Dunlap and Olathe District School employees concerning this matter and not

---

**1.** 20 U.S.C. §§ 1400–1490.

previously disclosed between the parties;

(7) Olathe School District Board Minutes on the recommendation and hiring of Sarah Barth at anytime during December 2000, January 2001 or February 2001 and a summary of who attended the board meeting;

(8) Sarah Barth's original contract of hire with the Olathe School District;

(9) Copies of Olathe School District IDEA violations with the State of Kansas from parents that filed complaints with the district and the reparations agreed to from January 1, 2000 through December 31, 2001;

(10) Copies of all e-mails transmitted between Olathe School District Employees concerning this matter and while it has been pending;

(11) All Program Data collected from Ben's return to school in the 1st semester of 2001 until May 24, 2002; and

(12) All Behavior Data collected from Ben's return to school in the 1st semester of 2001 until May 24, 2002.

## Discussion

■ The decision whether to enter a protective order is within the Court's discretion.[2] Rule 26(c) nevertheless requires that the party seeking the protective order establish "good cause" for the protective order.[3] In determining whether good cause exists for the Court to issue a protective order that prohibits discovery of documents or other materials in the discovery process, the moving party must first demonstrate that it could be harmed by the disclosure.[4] If this requirement is met, the burden shifts to the party seeking the discovery to establish that disclosure of the documents is relevant and necessary to the action.[5]

Once a party establishes relevance and necessity, "[t]he district court must balance the need for the [information] against the claim of injury resulting from disclosure."[6] The court should not require disclosure in the absence of a showing of relevancy and need.

### A. Potential for Harm

In support of its request for a protective order, Defendant argues the discovery sought by Plaintiffs "is not reasonably calculated to lead to the discovery of admissible additional evidence ... [h]ence, the defendant should not have to suffer the annoyance, burden, or expense of responding to the Plaintiffs' discovery."[7] More specifically, Defendant argues the particular documents sought to be discovered do not qualify as the type of "additional evidence" permitted in IDEA review cases.

■ This case is an appeal seeking judicial review of an IDEA administrative decision. The IDEA specifically requires a district court to "receive the records of the administrative proceedings, ... hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence," grant any appropriate relief.[8] A district court's review of an IDEA due process hearing decision thus "differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review."[9]

2. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir.1995).

3. *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D.Kan.2000).

4. *Zapata v. IBP, Inc.*, 160 F.R.D. 625, 627 (D.Kan.1995) (citing *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 480 (S.D.N.Y.1982)).

5. *Cf. Centurion Indus. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir.1981) (setting out burdens for parties in context of a Fed. R.Civ.P. 26(c)(7) trade secret protective order) (footnote and citations omitted).

6. *Id.*

7. Defendant's Motion for Protective Order (doc. 14) at p. 2.

8. 20 U.S.C. § 1415(e)(2).

9. *Wiesenberg v. Board of Educ. of Salt Lake City School Dist.*, 181 F.Supp.2d 1307, 1309 (D.Utah 2002) (quoting *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir.1993), *cert. denied*, 513 U.S. 825, 115 S.Ct. 90, 130 L.Ed.2d 41 (1994)).

The taking of additional evidence as that term is used in 20 U.S.C. § 1415(1)(2)(B)(ii) is a matter left to the discretion of the trial court.[10] The issue is whether the administrative record contains sufficient evidence to evaluate the hearing officer's decision.[11] In a well-reasoned decision followed not only by this Court, but the majority of other courts addressing the issue [12], the First Circuit narrowly construes the word "additional" to mean "supplemental":

> Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional."
>
> \* \* \* \* \* \*
>
> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency and evidence concerning relevant events occurring subsequent to the administrative hearing.
>
> \* \* \* \* \* \*
>
> The determination of what is "additional must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo. A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial .... In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources."[13]

Although the Tenth Circuit has not decided the issue,[14] this Court remains persuaded that the First Circuit's standard for the admission of additional evidence in IDEA cases is appropriate, and thus the Court will apply the standard to the facts presented here.[15]

Given the *Town of Burlington* limitations in supplementing the administrative record in an IDEA appeal such as the one here, the Court finds Defendant sufficiently has established it could sustain harm in the form of annoyance, burden or expense if forced to produce the requested information and documents.[16] To obtain the discovery then, Plaintiff must establish that disclosure of the requested information is relevant and necessary to the action.[17]

---

10. *Id.*

11. *Gill v. Columbia 93 Sch. Dist.*, 217 F.3d 1027, 1037–38 (8th Cir.2000).

12. *See O'Toole v. Olathe District Schools*, 963 F.Supp. 1000, 1015 (D.Kan.1997); *see, also, Walker Cty. Sch. Dist. v. Bennett*, 203 F.3d 1293, 1299 (11th Cir.2000); *E.S. v. Independent Sch. Dist. No. 196*, 135 F.3d 566, 569 (8th Cir.1998); *Springer v. Fairfax County Sch. Bd.*, 134 F.3d 659, 667 (4th Cir.1998); *Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir.1996); *Susan N. v. Wilson School Dist.*, 70 F.3d 751, 759 (3rd Cir.1995); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472–73 (9th Cir. 1993); *Town of Burlington v. Department of Educ.*, 736 F.2d 773, 790 (1st Cir.1984), *aff'd on other grounds*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985); *Wiesenberg v. Board of Educ. of Salt Lake City School Dist.*, 181 F.Supp.2d 1307, 1309 (D.Utah 2002); *but, see, Metropolitan Gov't of Nashville v. Cook*, 915 F.2d 232, 234 (6th Cir.1990).

13. *Town of Burlington v. Department of Educ.*, 736 F.2d at 790–91.

14. *Murray v. Montrose County Sch. Dist.*, 51 F.3d 921, 931 (10th Cir.1995).

15. *See O'Toole v. Olathe District Schools*, 963 F.Supp. at 1015 (D.Kan.1997) (citing *Town of Burlington v. Department of Educ.*, 736 F.2d at 790–91).

16. *See Zapata v. IBP, Inc.*, 160 F.R.D. at 627 (citation omitted) (in determining whether good cause exists for the Court to issue a protective order that prohibits discovery of documents or other materials in the discovery process, the moving party must first demonstrate that it could be harmed by the disclosure).

17. *Cf. Centurion Indus. v. Warren Steurer & Assocs.*, 665 F.2d at 325 (setting out burdens for parties in context of a Fed.R.Civ.P. 26(c)(7) trade secret protective order) (footnote and citations omitted).

## B. Relevancy

■ Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[18] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[19] Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.[20]

As noted above, this lawsuit seeks *de novo* review of administrative decisions made by the Kansas State Board of Education with respect to Ben Johnson. Upon review of the claims and defenses presented by the parties, as well as the substance of the requests, the Court finds Request 6 and Requests 10—12 appear to be relevant on their face to the claims and defenses presented here, but that the relevancy of Requests 1—5 and Requests 7—9 are not apparent on their face. Given the burden of proof for establishing relevancy is dependent on whether the requests for information appear relevant on their face, the Court will determine relevancy for these two groups independently of each other.

### Relevancy of Request 6 and Requests 10—12

■ When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[21] In an attempt to meet this burden, Defendant argues the particular documents sought to be discovered to not qualify as the type of "additional evidence" permitted in IDEA review cases. The Court agrees.

Request 6 and Requests 10—12 can be summarized into the following two categories:

(1) Written communications between school district employees concerning this matter and not previously disclosed between the parties (Requests 6 and 10); and

(2) Program and behavior data collected on Plaintiff from Fall 2001 to May 24, 2002 (Requests 11 and 12).

Applying the *Town of Burlington* standard set forth above, the Court finds the documents listed above are not needed to fill gaps in the administrative transcript owing to mechanical failure, were not improperly excluded from the administrative hearing and have nothing to do with previously unavailable witnesses. Moreover, the administrative hearing was held in July, August and September of 2001; thus, none of the documents referenced above that are dated prior to October of 2001 can be construed as evidence concerning relevant events occurring subsequent to the administrative hearing. Because the Court finds these particular documents are not relevant, the potential harm that might be caused by this discovery necessarily outweighs any need for the documents.[22] Accordingly, the Motion for Protective Order with respect to this category of documents will be granted.

The Court reaches a different conclusion, however, with regard to those documents responsive to Requests 6, 10, 11 and 12 that

**18.** *Sheldon v. Vermonty,* 204 F.R.D. 679, 689–90 (D.Kan.2001) (citations omitted).

**19.** *Scott v. Leavenworth Unified School Dist. No. 453,* 190 F.R.D. 583, 585 (D.Kan.1999).

**20.** *Steil v. Humana Kansas City, Inc.,* 197 F.R.D. 442, 445 (D.Kan.2000).

**21.** *Scott v. Leavenworth Unified School Dist. No. 453,* 190 F.R.D. at 585 (D.Kan.1999).

**22.** *Centurion Indus. v. Warren Steurer & Assocs.,* 665 F.2d at 325 (citation omitted).

are dated *after* September 2001. Unlike discoverable documents available to the parties before and during the administrative hearing, these documents do appear to be evidence concerning relevant events occurring subsequent to the administrative hearing. The documents responsive to Requests 6, 10, 11 and 12 that are dated *after* September 2001 are potentially admissible as "additional evidence" within the IDEA; thus, the Court deems them relevant to the claims asserted in this lawsuit.

Because the Court finds these particular documents are relevant, the Court is now charged with the duty to balance the need for the documents against the claim of harm resulting from disclosure.[23] Balancing these two conflicting considerations, the Court concludes in this case that the relevancy and need for the post-September 2001 information responsive to Requests 6, 10, 11 and 12 exceeds the potential harm the discovery may cause. Accordingly, the Motion for Protective Order with respect to this narrow category of documents will be denied.

### Requests 1—5 and Requests 7—9

■ As noted above, the Court finds the relevancy of Requests 1—5 and Requests 7—9 are not apparent on the face of the requests; thus, Plaintiff—as the party seeking the discovery—has the burden to show relevancy. In an attempt to meet this burden, Plaintiff argues

- Requests 1—4 are relevant in that the documents requested may reflect upon the credibility of various witnesses who testified in the administrative hearing below;
- Request 5 is relevant in that the documents requested may reflect Defendant's effort—or lack of effort—to implement an appropriate IEP for Plaintiff;
- Requests 7 and 8 are relevant in that the documents requested may reflect upon the credibility of a witness who testified in the administrative hearing below and may reflect on whether Defendant ad-

hered to a settlement agreement from a previous administrative hearing; and

- Request 9 is relevant in that the documents requested may evidence a pattern and practice of violation of the IDEA by Defendant.

To determine whether the requested documents are relevant, the Court again will apply the *Town of Burlington v. Department of Education*[24] standard for admission of additional evidence in IDEA cases. In doing so, the Court finds the documents listed above are not needed to fill gaps in the administrative transcript owing to mechanical failure, were not improperly excluded from the administrative hearing, have nothing to do with previously unavailable witnesses and cannot be construed as evidence concerning relevant events occurring subsequent to the administrative hearing. Because the Court finds these particular documents are not relevant, the potential harm that might be caused by this discovery necessarily outweighs any need for the documents.[25] Accordingly, the Motion for Protective Order with respect to this category of documents will be granted.

It is hereby ordered that Defendant's Motion for Protective Order is

(1) granted to the extent that Defendant shall not be required to produce documents responsive to Requests 1—5 and Requests 7—9;

(2) granted to the extent that Defendant shall not be required to produce those documents responsive to Requests 6, 10, 11 and 12 that are dated *before* September 2001; and

(3) denied to the extent that Defendant shall respond, if requested, to Requests 6, 10, 11 and 12 for the time period *after* September 2001.

IT IS SO ORDERED.

---

**23.** *Id.*

**24.** 736 F.2d at 790–91.

**25.** *Centurion Indus. v. Warren Steurer & Assocs.,* 665 F.2d at 325 (citation omitted).