**Bruce Alan CLARK, Plaintiff,**

**v.**

**Harry Milo Andrew HOMRIGHOUS, Avondet Brothers, Inc., Bob Laurie Trucking, Inc. and Royal Insurance Co., Defendants.**

**Civ. A. No. 90–1380–T.**

United States District Court, D. Kansas.

April 10, 1991.

ly protected by the attorney-client privilege.

Steven L. Hornbaker, Harper, Hornbaker & Altenhofen, Junction City, Kan., for plaintiff.

Eldon L. Boisseau, Robert J. Nugent, Turner & Boisseau, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the plaintiff's appeal of the magistrate's order (Doc. 34) and motion to consolidate discovery (Doc. 49). This is a personal injury action arising out of a motor vehicle accident.

This appeal arises out of defendants' motion to allow ex parte interviews with plaintiff's treating physicians. Plaintiff opposed this motion, arguing only that the Federal Rules of Civil Procedure do not provide for ex parte communications with plaintiff's health care providers. The magistrate granted defendant's motion for ex parte interviews. The magistrate reasoned that no physician-patient privilege existed since the condition of the patient (plaintiff) was an element or factor in his claim and that the Federal Rules of Civil Procedure do not bar informal, private interviews of witnesses not designated as experts. The magistrate relied on an unpublished opinion by Judge Crow of this District, *Colby v. Eli Lilly & Co.*, No. 81–1542 (D.Kan. Dec. 14, 1982). The magistrate ordered counsel for the parties to consult to determine whether any of plaintiff's treating physicians will be designated as experts. As to any non-expert treating physicians, the magistrate ordered defense counsel to inform any treating physician that he or she has the right to decline to be privately interviewed.

Plaintiff filed a motion for reconsideration, raising several new arguments. Plaintiff argued that the magistrate's order violated the Kansas Interprofessional Code for Attorneys and Physicians; that the ex parte interviews could result in consideration of extrinsic matters that could compromise the physician's duty of loyalty to the patient; that the ex parte interviews could have a chilling effect on the physician-patient relationship and hinder further treatment; and that the ex parte interviews would violate plaintiff's constitutionally protected right of privacy. The plaintiff

also argued that the magistrate incorrectly interpreted Kansas law and that the majority view in other jurisdictions is that ex parte communication should be disallowed or severely restricted. The plaintiff did note that the Kansas Supreme Court has not spoken on the issue.

The magistrate denied plaintiff's motion for reconsideration. The magistrate refused to consider the arguments raised for the first time in the motion to reconsider in the absence of some explanation or justification for the plaintiff's failure to raise those arguments in response to the original motion. Finally, the magistrate held that the plaintiff had failed to show that the court's order was contrary to the law on discovery in this District or Circuit. This timely appeal of the magistrate's order on reconsideration followed.

■ The standard of review of a magistrate's order is set forth in 28 U.S.C. § 636. As to nondispositive pretrial matters, the district court reviews the magistrate's order under a "clearly erroneous or contrary to law" standard of review. *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461–62 (10th Cir.1988) (citing 28 U.S.C. § 636(b)(1)(A)). The clearly erroneous standard requires that the court affirm the decision of the magistrate unless "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is clearly abused. *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982). *See also Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990).

■ The refusal to grant relief in a motion to reconsider is reviewed under an abuse of discretion standard, *see Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988), which is the functional equivalent of the clearly erroneous standard of review for a magistrate's order.

*Cooter & Gell v. Hartmarx Corp.*, — U.S. ——, 110 S.Ct. 2447, 2458, 110 L.Ed.2d 359 (1990). A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990); *Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 677 (D.Kan.1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration Committee*, 121 F.R.D. 69, 71 (N.D.Ill.1988). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia*, 732 F.Supp. 1116, 1117 (D.Kan. 1990); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 617 (D.Hawaii 1987); *Butler v. Sentry Insurance*, 640 F.Supp. 806, 812 (N.D.Ill.1986). The court is not required to supply the rationale that the parties were unable to find. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991) ("court will not construct arguments or theories for the [litigants] in the absence of any discussion of those issues").

■ In diversity actions such as the present case, the privilege of a witness is to be determined in accordance with Kansas law. Fed.R.Evid. 501. Under Kansas law, there is no physician-patient privilege in an action in which the condition of the patient is an element or factor in the claim of the patient. K.S.A.1990 Supp. 60–427(d). In the absence of a Kansas appellate court decision on the issue, the court cannot say that the magistrate's decision allowing ex parte interviews of treating physicians is clearly erroneous or contrary to law.

■ Additionally, the magistrate acted well within his discretion in refusing to consider the arguments raised for the first time in the motion to reconsider. In support of his appeal of the magistrate's order,

the plaintiff makes the very same arguments he made in his motion to reconsider. Plaintiff again has not provided any justification for his failure to raise those arguments in the first instance in response to the defendants' motion to allow ex parte interviews. Plaintiff should have made his strongest case in the first instance. The appeal of the magistrate's order shall be denied.

Plaintiff next moves to consolidate discovery with a case filed in the District Court of Saline County, Kansas. Plaintiff states that the pending case in state court involves a truck accident in which the driver, Emil S. Pope, and the co-driver and passenger, Bruce Alan Clark, were injured. Pope has initiated an action in the District Court of Saline County, Kansas, entitled *Emil S. Pope v. Harry Milo Andrew Homrighous, Edward Avondet and Lewis Avondet, d/b/a Avondet Brothers,* Case No. 90 C 100. Plaintiff states that his deposition is scheduled for February 28, 1991 in Wichita, Kansas. To avoid duplication, plaintiff Clark requests that counsel for Pope be allowed to attend and to depose Clark at the same time. Plaintiff filed this motion on February 27, 1991, the day before the date of the deposition. The defendants have not filed a response.

The court is unaware whether the deposition of plaintiff Clark took place as scheduled on February 28, 1991. To the extent that this motion has not been mooted by the passage of time, the court shall address it. If the parties in this case do not object to the use of discovery generated in the state court case, this court will allow its use. If the attorneys in the two cases are able to agree among themselves to conduct discovery jointly, the court likewise would have no objections. However, the court is aware of no authority (and the plaintiff has cited none) allowing it to consolidate, even for discovery purposes, a case pending in federal court with one pending in state court. Plaintiff's motion to consolidate discovery shall therefore be denied.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's appeal of the magistrate's order (Doc. 34) is hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion to consolidate discovery (Doc. 49) is hereby denied.