Mariah V. REED, Plaintiff,

v.

Nellcor Puritan BENNETT,

and

Mallinckrodt, Inc. d/b/a Nellcor Puritan Bennett, Defendants.

No. Civ.A.–98–2313–CM.

United States District Court, D. Kansas.

May 2, 2000.

Richard Helfand, Michael D. Cole, Panethiere & Helfand, Kansas City, MO, for Mariah V. Reed, Plaintiff.

Thomas N. Sterchi, Mary C. O'Connell, Linda B. Koch, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, MO, for Nellcor Puritan Bennett, Defendant.

## *MEMORANDUM AND ORDER*

MURGUIA, District Judge.

Pending before the court is defendant Nellcor Puritan Bennett's motion for entry of protective order (Doc. 57). Defendant Nellcor seeks the court to enter a protective order limiting the dissemination of certain company information. Plaintiff objects to the scope of the proposed order.

Also pending before the court is defendant Nellcor Puritan Bennett's motion to stay depositions and to quash or modify plaintiff's notice pursuant to Federal Rule of Civil Procedure 30(b)(6) (Doc. 58). Plaintiff agrees the Rule 30(b)(6) deposition noticed for Nellcor should be stayed until the court has ruled upon defendant Nellcor's motion for a protective order. Plaintiff objects, however, to the defendant's request that plaintiff's Rule 30(b)(6) notice be quashed or modified.

For the reasons outlined below, defendant's motion for entry of a protective order (Doc. 57) is denied. Defendant's motion to stay depositions and to quash or modify plaintiff's notice pursuant to Federal Rule of Civil Procedure 30(b)(6) (Doc. 58) is granted in part.

## I. Motion for Entry of Protective Order

■ The decision to enter a protective order is within the court's discretion. *Thomas v. International Bus. Mach.*, 48 F.3d 478, 482 (10th Cir.1995). Federal Rule of Civil Procedure 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause. *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D.Kan.1996).

■ In determining whether good cause exists to issue a protective order that prohibits the dissemination of documents or other materials obtained in discovery, "the initial inquiry is whether the moving party has shown that disclosure of the information will result in a 'clearly defined and very serious injury.' " *Zapata v.. IBP, Inc.*, 160 F.R.D. 625, 627 (D.Kan.1995) (*quoting Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 480 (S.D.N.Y.1982) (internal quotations omitted)). The moving party must also make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

■ The Court finds defendant has not established good cause to support its requested protective order. Defendant indicates in its motion that it seeks to protect three categories of documents, including (1) the workload information of its quality control department employees; (2) the assessment/selection policy and process documents related to a recent workforce reduction; and (3) documents contained in non-party former employees' personnel files, including those related to the workforce reduction, job eliminations, and a facility closing in Lenexa, Kansas. However, defendant's proposed protective order is not limited to these specific categories of documents. As drafted, the proposed protective order would protect any document defendant "reasonably contends contain proprietary and confidential information." Further, under its terms, defendants could unilaterally choose to designate any such document as "confidential." By failing to identify specific documents or types of documents to be protected within the proposed protective order, defendant fails to meet the good cause standard.

The court recognizes that the type of documents defendant seeks to protect are potentially confidential and may be protectable from broad dissemination. *See Dahdal v. Thorn Americas, Inc.*, No. 97–2119–GTV, 1997 WL 599614, *1 (D.Kan. Sept.15, 1997) (entering protective order prohibiting disclosure of personnel files); *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660 (D.Kan.1996) (relevant proprietary and confidential information and trade secrets may be subject to a protective order); *Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232 (E.D.Pa.1971) (supplier lists may constitute protected confidential commercial information). However, defendant's proposed order is not limited to these specific types of documents. Therefore, the court will not enter the protective order in the form submitted by defendants.

■ Because the court declines to enter the protective order due to the lack of its specificity, it does not reach the additional arguments raised by the parties to support their positions. The court notes, however, that to obtain an order protecting the confidentiality of business documents, the "movant must do more than simply state that such documents are proprietary and confidential." *Dahdal*, 1997 WL 5999614 at *2.

Although the court denies the pending motion, it does encourage the parties to submit for approval a narrowly drawn protective order specifically defining the protectable confidential documents and the terms of protection.

## II. Motion to Stay Rule 30(b)(6) Deposition and to Quash or Modify Plaintiff's Notice Pursuant to Federal Rule of Civil Procedure 30(b)(6)

### A. Motion to Stay 30(b)(6) Deposition

Because plaintiff does not object to defendant's request, the Rule 30(b)(6) deposition noticed for defendant Nellcor shall be stayed. Because, as noted below, the court has quashed the Rule 30(b)(6) notice issued by plaintiff on March 15, 2000, no such deposition will take place until a Rule 30(b)(6) notice complying with this order is issued.

### B. Motion to Quash or Modify 30(b)(6) Notice

Federal Rule of Civil Procedure 30(b)(6) allows a party to notice the deposition of a corporation and to specify the areas of inquiry. Fed.R.Civ.P. 30(b)(6). The named organization is then required to designate one or more representatives to testify as to the areas specified. The notice must specify the areas of inquiry with "reasonable particularity." *Id.* Further, the persons designated by the organization are required to "testify as to matters known or reasonably available to the organization." *Id.*

■ The court finds plaintiff's Rule 30(b)(6) notice to be overbroad. Although plaintiff has specifically listed the areas of inquiry for which a 30(b)(6) designation is sought, she has indicated that the listed areas are not exclusive. Plaintiff broadens the scope of the designated topics by indicating that the areas of inquiry will "includ[e], but not [be] limited to" the areas specifically enumerated. An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice. *See Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.*, No. 94–2395–GTV, 1995 WL 625962 (D.Kan. Oct.5, 1995) (noting an inadequate Rule 30(b)(6) designation amounts to a refusal or failure to answer a deposition question) (*citing Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989)). Where, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.

■ Further, the court finds defendant is not required to designate someone with "personal knowledge" to appear on its behalf at the Rule 30(b)(6) deposition. The language of Rule 30(b)(6) does not place this requirement on defendant. The rule requires only that designated persons testify as to matters "known or reasonably available to the organization." Fed.R.Civ.P. 30(b)(6). Nor does the purpose of the rule support plaintiff's contention that personal knowledge is required. Rule 30(b)(6)'s procedure was intended to supplement existing discovery practice. *See* Fed.R.Civ.P. 30(b)(6) advisory committee's note. This new procedure was meant to prevent the necessity of naming several company representatives in order to find the one with knowledge of the relevant facts whose testimony could bind the company. *Id.* Rule 30(b)(6)'s procedure allows the designation of one company representative whose testimony may bind the corporation on the noticed subjects. Here, the plaintiff's imposition of a requirement of personal knowledge is at odds with the language and purpose of the rule.

■ Finally, the court finds plaintiff's request that defendant produce an individual under Rule 30(b)(6) to testify regarding the "number of employees that were affected" by a downsizing at Nellcor Puritan Bennett is not overbroad. This language allows defendant to adequately designate and prepare the corporate designee. Where the topic is broader in scope than anticipated by the defendant, it may identify a separate corporate designee without incurring liability for breaching its Rule 30(b)(6) designation obligation.

Accordingly, the court quashes the current form of plaintiff's 30(b)(6) notice. Where plaintiff desires to take a 30(b)(6) deposition, she shall issue a Rule 30(b)(6) notice in accordance with this order.

### III. Summary of Court's Ruling

IT IS HEREBY ORDERED THAT defendant Nellcor's motion for entry of a protective order (Doc. 57) is denied.

IT IS FURTHER ORDERED THAT defendant Nellcor's motion to stay Rule 30(b)(6) deposition and to quash or modify notice issued pursuant to Rule 30(b)(6) (Doc. 58) is granted in part. The Rule 30(b)(6) deposition noticed for defendant Nellcor shall be stayed until a Rule 30(b)(6) notice, drafted in accordance with this order, is issued. Plaintiff's Rule 30(b)(6) notice, issued on March 15, 2000, is quashed. Where plaintiff desires to take a Rule 30(b)(6) deposition, she shall reissue a notice in accordance with this order.