**COTRACOM COMMODITY TRADING CO., et al., Plaintiffs,**

v.

**SEABOARD CORPORATION, et al., Defendants.**

Civil Action No. 97–2391–GTV.

United States District Court, D. Kansas.

June 8, 2000.

Stephen M. Sacks, John C. Massaro, Arnold & Porter, Washington, DC, Patrick J. Stueve, Berkowitz, Feldmiller, Stanton,

Brandt, Williams & Stueve, LLP, Kansas City, MO, Roger D. Stanton, Berkowitz, Feldmiller, Stanton, Brandt, Williams & Stueve, LLP, Prairie Village, KS, for plaintiffs.

Mark A. Stites, Bioff, Singer & Finucane, Kansas City, MO, J. Eugene Balloun, William R. Sampson, Paul W. Rebein, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for defendants.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The Court has under consideration Defendant Seaboard Corporation's (Seaboard) Motion for Reconsideration of the Magistrate's Order of October 1, 1999,[1] Regarding its Motion to Compel and for Sanctions (doc. 228). Pursuant to D.Kan. Rule 7.3, Seaboard asks the Court to reconsider its previous order on four grounds. Plaintiffs oppose the motion.

Seaboard suggests reconsideration is necessary because the Court allegedly: (1) failed to consider Seaboard's timely-filed reply brief; (2) failed to distinguish between two sets of discovery with respect to conference requirements; (3) improperly considered a vacation for counsel for plaintiff; and (4) declined to consider evidence that plaintiffs had violated a previous discovery order of the Court.

Plaintiffs suggest that Seaboard raises no argument, other than the timeliness of its reply brief, which has not already been extensively briefed by the parties and determined by the Court. It further suggests that the timeliness of the reply brief constitutes no ground for reconsideration.

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration, *Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir.1995); *Loum v. Houston's Restaurants, Inc.*, 177 F.R.D. 670, 671 (D.Kan.1998); the District of Kansas has promulgated a local rule, D.Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings. It is within the sound discretion of the Court to grant or deny a motion for reconsideration. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988). "In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Martin v. MAPCO Ammonia Pipeline, Inc.*, 866 F.Supp. 1304, 1308 (D.Kan.1994); *see also*, D.Kan. Rule 7.3(b). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

Improper use of motions to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *RTC v. Williams*, 165 F.R.D. 639, 642 (D.Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D.Ill.1988)). A proper motion to reconsider, on the other hand, "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence." *Dees v. Wilson*, 796 F.Supp. 474, 475 (D.Kan.1992). "A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Clark v. Homrighous*, 136 F.R.D. 186, 188 (D.Kan.1991).

"The party moving for reconsideration has the 'burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.'" *Mackey v. IBP, Inc.*, No. Civ.A.

---

1. The Court signed the Memorandum and Order on September 30, 1999. It will use that date as the date of the Order, rather than the date filed, October 1, 1999.

95–2288–GTV, 1996 WL 417513, at *2 (D.Kan. July 22, 1996) (quoting *International Bhd. of Teamsters, Local 955 v. Sambol Meat Packing Co.*, No. 92–2338–JWL, unpublished op. at 2 (D.Kan. Sept. 30, 1993)). Seaboard does not allege that the law has changed. It argues that the Court failed to consider evidence presented in supplemental briefing and thus did not consider newly available evidence. Its other arguments, furthermore, raise a question as to whether reconsideration is necessary to correct clear error or prevent manifest injustice.

The Court did not consider the reply brief filed by Seaboard in support of the underlying motion to compel—not because it found the brief untimely, but because it did not find the brief at all. This apparently resulted from a docketing error. The Court received no chambers copy.

The mistaken assumption that Seaboard had filed no reply brief affected the Memorandum and Order of September 30, 1999, to some extent. The Court found that defendant had acquiesced to the factual allegations contained in the response of plaintiffs. (*See* Mem. & Order of Sept. 30, 1999, doc. 108, at 2, 6, 8, hereinafter Order of September 30, 1999.) It first noted the failure while discussing a contention of plaintiffs that defendant made no serious effort to resolve the dispute without judicial intervention. (*See id.* at 2.) It applied the law, nevertheless, to the facts presented. (*Id.*) The Court also noted a suggestion that defendant had made no reasonable effort to resolve objections asserted by plaintiffs against the discovery at issue. (*Id.* at 6.)

Although the reply brief adds no facts about the efforts to confer, it does explain the failure to make reasonable efforts to resolve the objections. Defendant asserts that it did not address the objections because plaintiffs had stated that they had located no responsive documents. It contends that the response of plaintiffs to the motion for the first time notified defendant that they were withholding documents due to objections. The Court finds this contention by defendant unsupported by the documentation provided to it.

Plaintiffs' response to the propounded discovery clearly indicates that they objected to the discovery. (*See* Pls.' Resp. to Seaboard's Second Set of Requests for Prod. of Docs., attached as Ex. C to Mem. Supp. Mot. Compel and for Sanctions, doc. 109, hereinafter Mem. Supp.) The raised objections should have alerted counsel to the prospect that plaintiffs were withholding documents. Seaboard attempts to persuade the Court that plaintiffs had abandoned their objections by citing to a letter drafted by their attorney John Massaro. It states:

> On the issue of our documents, as I mentioned on the phone, consistent with the terms of our written response to your request, I will provide you with any documents that are located and provided to me as expeditiously as possible. At present, we are continuing to search for any responsive documents that may exist; my understanding is none have been located yet.

(Letter from Massaro to Rebein of 11/6/98, attached as Ex. D2 to Mem. Supp.) They further cite to another letter from counsel, wherein Steven Sacks states: "You will get your documents to the extent they exist." (Letter from Sacks to Rebein of 11/17/98, attached as Ex. D4 to Mem Supp.)

The Court does not interpret the correspondence as abandonment of objections. The letter from Massaro unambiguously conditions production of documents on the terms of the written response to the requested discovery. Seaboard conveniently omits any reference, furthermore, to the paragraph immediately following the text quoted above. That paragraph states in its entirety:

> Relatedly, although this is not mentioned in your letter, we would be happy to discuss the scope of any objections we made to your requests in an effort to reach an arrangement that both sides can live with. I will be out on vacation beginning this afternoon, but can talk when I get back if you are interested.

(Letter from Massaro to Rebein of 11/6/98.) To contend that plaintiffs were not withholding documents on the basis of objections ignores the clear language of the letter.

Although the letter from Sacks indicates no express restriction on the document production, Sacks unambiguously states that "John Massaro has been personally handling all of the document issues with you." (Letter from Sacks to Rebein of 11/17/98.) To view this statement as some sort of abandonment of objections appears strained in view of the letter from Massaro, the attorney in charge of the discovery matters.

■ The proffered explanation for the failure to address objections raised against the second set of requests provides no basis to reconsider the Order of September 30, 1999. The Court concededly did not consider the reply brief. Upon now considering that brief, the Court concludes that, had it previously considered it, its ruling would remain unchanged. Nothing in the reply brief impacts the decision to decline to entertain the motion to compel for inadequate efforts to confer. That the Court failed to consider the reply brief thus provides no basis to reconsider the ruling concerning the duty to confer.

The Court also mentioned the lack of reply brief while addressing Request 18 of the first set of discovery. The reply brief does not change the holding of the Court with respect to Request 18. That brief provides nothing beyond speculation that plaintiffs have withheld documents responsive to Request 18. The Court does not find sanctionable misconduct on mere speculation.

Seaboard also argues reconsideration is necessary to correct an alleged failure to distinguish between two sets of discovery with respect to the conference requirements. The argument rests upon an apparent misreading of the Order of September 30, 1999. Seaboard submits that the Court held that Seaboard did not meet and confer with respect to either its first or second set of discovery. That misperceives what the Court held.

Seaboard filed a "Motion to Compel Discovery from Plaintiffs and for Sanctions" (doc. 108). It therein sought to compel plaintiffs to respond to a second set of discovery and to comply with an Order of the Court dated May 6, 1998, which compelled discovery responsive to a first set of discovery. It

also sought sanctions. The Court viewed the motion as containing two discrete parts: (1) a motion to compel responses to the second set of discovery and (2) a motion for sanctions for the alleged failure of plaintiffs to comply with the Order of May 6, 1998.

The Court declined to entertain and thus overruled that part of the motion seeking to compel responses to the second set of discovery for the failure to show reasonable efforts to confer. It viewed everything concerning the first set of discovery as part of the motion for sanctions, including the request to compel plaintiffs to comply with the Order of May 6, 1998. Having already entered an Order compelling responses to that discovery, the proper inquiry was whether the Court should sanction plaintiffs for the alleged failure to comply with the Order of May 6, 1998. It examined the alleged noncompliance. It found some minor misconduct with respect to Interrogatory 4. It thus directed plaintiffs to supplement their answer and admonished them and their counsel to abide by the Federal Rules of Civil Procedure and orders of the Court. It found no other sanction justified.

The Court properly differentiated between the two sets of discovery. It limited its holding regarding the efforts to confer to the second set of discovery. Whether and to what extent Seaboard conferred about the first set of discovery had no bearing on the ruling of the Court. The Court made no error in distinguishing the sets of discovery.

■ Seaboard also argues that the Court improperly considered a vacation for counsel for plaintiff in analyzing the reasonableness of the efforts to confer. The Court disagrees. The reasonableness of efforts to confer necessarily depend upon the circumstances of the particular case. The Court looks at all relevant factors to determine whether efforts are reasonable under the circumstances then existing. The Court may consider that an attorney is on vacation. That the absent attorney is in charge of the ongoing discovery constitutes another factor. While neither factor may be determinative of itself, the Court may consider them. The Court properly considered all the relevant

factors presented to it. From such consideration it found that Seaboard had not made reasonable efforts to confer in good faith. The Court finds no reason to reconsider that finding.

Lastly, Seaboard argues that the Court erred in not considering supplemental filings (docs. 198, 204, 214). The supplemental filings address alleged misconduct of plaintiffs that Seaboard argues should result in monetary sanctions and dismissal of plaintiffs' action. It contends that discovery from a third-party revealed further non-compliance with the Order of May 6, 1998, and other discovery abuse. It suggests that the Court should consider the supplemental filings as "new evidence" within the meaning of D.Kan. Rule 7.3(b).

While one basis for a motion to reconsider is "the availability of new evidence," *see* D.Kan. Rule 7.3(b), the "new evidence" must specifically relate to the issues raised in the underlying motion. With respect to consideration of new evidence, furthermore, a motion to reconsider is only appropriate when the movant "produces new evidence that could not have been obtained through the exercise of due diligence." *ANR Pipeline Co. v. LaFaver*, 76 F.Supp.2d 1142, 1150 (D.Kan.1999).

Seaboard makes no effort to show that it could not have obtained the evidence presented in the supplemental briefing through the exercise of due diligence. In the supplemental briefing it merely indicates that it "has now learned that Plaintiffs did not produce all existing, responsive documents." (Def. Seaboard's Supplemental Mem. Supp. Mot. Compel & For Sanctions, doc. 198, at 5.) In its memorandum supporting its motion for reconsideration it states that, six months after filing the underlying motion, it finally obtained from a third-party many documents responsive to its requests for discovery. (Mem. Supp. at 6.) It makes no effort to show why it could not have obtained the documents earlier and presented them to the Court for consideration. The Court could deny reconsideration on that basis alone. Seaboard has the burden to show a sufficient basis for reconsideration. It has not carried that burden.

Other reasons exist, however, to deny reconsideration for the decision not to consider the supplemental briefing. The original motion limited sanctions to an award of "costs and expenses incurred in bringing th[e] motion." (Mem. Supp. at 2.) In addition the Court considered the request of Seaboard to compel plaintiffs to comply with the Order of May 6, 1998, in the context of sanctions. The supplemental briefing relates only to the issue of sanctions. It marginally relates to the sanctions requested in the underlying motion. That relationship appears tenuous at best. By the supplemental briefing Seaboard wants dismissal of the action and monetary sanctions over and above the award of costs and expenses requested in the underlying motion. The tenuous relationship provides little basis to consider the supplemental briefing upon reconsideration. D.Kan. Rule 7.3(b) does not require the Court, on a motion for reconsideration, to consider every bit of "new" information, regardless of how far it is removed from the original, underlying issues.

In addition, the supplemental briefing would have little impact on whether the Court would award Seaboard its costs and expenses incurred on the underlying motion. At least half of that motion dealt with compelling further responses to a second set of discovery. The Court declined to entertain and thus overruled that part of the motion. The remainder of the motion dealt with sanctions and non-compliance with a previous order of the Court with respect to three requests and one interrogatory. The Court found no non-compliance with the Order of May 6, 1998, except with respect to the interrogatory. Seaboard was thus unsuccessful on most of the underlying motion.

For purposes of this motion the Court will accept for the sake of argument that the evidence presented in the supplemental briefing indicates additional non-compliance with the Order of May 6, 1998. That acceptance does not significantly alter the level of success on the underlying motion. With respect to the alleged non-compliance with that Order, the supplemental briefing only provides additional facts about one request and inter-

rogatory. Consideration of the supplemental briefing would thus increase Seaboard's success on the motion very little, even in a best-case scenario. Seaboard did not achieve sufficient success on the underlying motion to warrant an award of costs and expenses. Considering the supplemental briefing would not change the level at success enough to warrant such an award.

The Court did not clearly err by not considering the supplemental briefing. No manifest injustice, furthermore, results from the decision not to consider such briefing.

For the foregoing reasons, the Court overrules Defendant Seaboard Corporation's (Seaboard) Motion for Reconsideration of the Magistrate's Order of October 1, 1999, Regarding its Motion to Compel and for Sanctions (doc. 228).

IT IS SO ORDERED.