Keith **STEIL**, Plaintiff,

v.

**HUMANA KANSAS CITY, INC.**, Defendant.

No. 99–2541–KHV.

United States District Court, D. Kansas.

Oct. 19, 2000.

Robert B. Van Cleave, Overland Park, KS, for plaintiff.

Michael D. Moeller, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Pending before the Court is Defendant's Motion for Protective Order (doc. 75). Defendant moves for a protective order under Fed.R.Civ.P. 26(c)(1). It seeks to prevent plaintiff from taking depositions as requested by his Rule 30(b)(6) Notice. Defendant contends the notice does not identify a subject matter for examination with "reasonable particularity." Defendant argues that plaintiff's requests cause annoyance, oppression, undue burden and expense by seeking examination on matters irrelevant to any legal or factual issue designated in the pretrial order. For the reasons stated below, defendant's motion is granted in part and denied in part.

### Factual Background

Keith Steil ("Plaintiff") brought this insurance contract action against Humana Kansas City ("Defendant") to determine whether he is entitled to benefits under group policy E9387. Plaintiff is seeking Blood Brain Barrier Disruption ("BBBD") treatment. Defendant contends such treatment is not covered by its group policy E9387.

On August 15, 2000, Plaintiff filed a Rule 30(b)(6) Notice to Take Deposition via facsimile for a deposition to be taken on August 22, 2000. Plaintiff seeks to take the deposition of a corporate representative designated by Defendant to testify regarding the following:

1. The corporate structure of defendant corporation, and corporations or business entities named or doing business as: Humana Health Plans, Inc., Humana Health Plans, Humana Health Care Plans, Inc., Humana Insurance Company, Inc., and Humana, Inc., or corporations of similar names.

2. The Group Health Insurance Plan issued to plaintiff through his employment with Xerox, Inc., believed to be numbered E9387.

2. (*sic*) Group health insurance plans, or Large Group Health Insurance Plans issued by any one of the companies identified in paragraph 1.

3. Insurance policy approval and filing with the Kansas Insurance Commissioner.

Plaintiff's Notice to Take Deposition, Exhibit A accompanying Defendant's Motion.

### Reasonable Particularity of Subject Matter

Defendant contends that plaintiff's request number 2 (the first number 2) does not identify a subject matter for examination with "reasonable particularity."

Fed.R.Civ.P. 30(b)(6) provides in pertinent part: "A party may in the party's notice . . . name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. . . ." Rule 30(b)(6) allows a party to notice the deposition of a corporation and to specify the areas of inquiry. *Reed v. Bennett*, 193 F.R.D. 689, 692 (D.Kan. 2000). The named corporation is then required to designate one or more representatives to testify as to the areas specified. *Id.* The notice must specify the areas of inquiry with "reasonable particularity." *Id.* An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. *Id.* To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice. *Id.* Where the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible. *Reed*, 193 F.R.D. at 692. In *Reed* the Court found plaintiff's Rule 30(b)(6) notice to be overbroad because the notice indicated that the listed areas of inquiry would "include, but not be limited to" the areas specifically enumerated in the notice.

■ The court finds plaintiff's Rule 30(b)(6) notice does identify a subject matter with "reasonable particularity." From the plain language of the plaintiff's Notice to Take Deposition, plaintiff appears to be seeking a corporate representative to testify as to the group health insurance policy E9387 issued to plaintiff through his employment with Xerox. The Court finds that this provision of plaintiff's notice identifies the subject matter with "reasonable particularity." Defendant, therefore, should designate and make available for deposition a corporate representative to testify as to the group health insurance policy E9387 issued to plaintiff through his employment with Xerox.

### Annoyance, Oppression, Undue Burden and Expense

Defendant also contends that plaintiff's Rule 30(b)(6) Notice to Take Deposition would cause annoyance, oppression, undue burden and expense, because the notice seeks examination on issues that are not related to any legal or factual issue in this lawsuit set forth in the pretrial order. Defendant indicates in its motion that it seeks to prevent the plaintiff's Rule 30(b)(6) deposition. Defendant contends that plaintiff's requests are not relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding whether plaintiff's treatment is excluded by the health insurance policy issued by defendant. Defendant complains about the portions of plaintiff's Rule 30(b)(6) Notice to Take Deposition which seek examination on the corporate structure of several Humana entities, a comparison of plaintiff's policy provisions with other policies issued by five different entities, and on insurance policy filing and approval with the Kansas Insurance Commissioner. Defendant argues that the specific policy provisions of

health insurance policies issued by five different corporate entities have no bearing or relevance to the stipulated issue of law as to whether plaintiff's specific health insurance policy excludes BBBD treatment.

 "The [United States Supreme] Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, No. CIV. A. 97–2391–GTV, 2000 WL 796142, at *2 (D.Kan. June 14, 2000)(quoting *Herbert v. Lando,* 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979)). To accomplish that purpose, Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the subject matter in the action. *Beach v. City of Olathe*, No. CIV. A. 99–2210–GTV, 2000 WL 960808, at *2 (D.Kan. July 6, 2000). A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Id.* When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance. *Employers Commercial Union Ins. Co. of America v. Browning–Ferris Industries of Kansas City, Inc.*, No. CIV. A. 91–2161–JWL, 1993 WL 210012, at *3 (D.Kan. Apr.5, 1993). However, where relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request. *Id.*

In this case, the sole issue of law, as stated in the pretrial order, is whether the BBBD treatment sought by plaintiff is excluded by the policy language under defendant's group health insurance plan number E9387. Plaintiff's Notice to Take Deposition seeks information on the corporate structure of defendant, other group health insurance plans issued by companies affiliated with it, and insurance policy approval and filing with the Kansas Insurance Commissioner. Plaintiff has not carried his burden of showing the relevancy, in an insurance contract action, of his discovery request seeking information on other companies affiliated with defendant or other group health insurance plans issued by these affiliated companies.

Based on the foregoing reasons, the Court hereby grants in part defendant's Motion for Protective Order (doc. 75) as to plaintiff's requests seeking examination on the corporate structure of several Humana entities, a comparison of plaintiff's policy provisions with other policies issued by five different entities, and Kansas Insurance Commissioner approval and filing for insurance policies other than the policy at issue in this case. Defendant's Motion for Protection Order is denied as to plaintiff's requests seeking examination on the group health insurance policy E9387 issued to plaintiff through his employment with Xerox and Kansas Insurance Commissioner approval and filing for the policy issued to plaintiff.

IT IS SO ORDERED.