# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| EVADINE DAVIS, | ) |
| | ) **CASE NO. ST-16-CV-656** |
| Plaintiff, | ) |
| -vs- | ) *Cite as: 2019 VI SUPER 2U* |
| | ) |
| BP CONSULTING VI. LLC, SKYLAR | ) **ACTION FOR WRONGFUL** |
| RESOURCES LP, SKYLAR CAPITAL | ) **TERMINATION, BREACH OF** |
| ADVISERS, LP, SKYLAR RESOURCES GP, | ) **CONTRACT AND DAMAGES** |
| LLC, and BRISA MAX HOLDINGS VI, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court arc the following:

1. Emergency Motion to Quash Notice of Deposition of Kayla Bruzzese, which was filed on October 19, 2018;
2. Defendant BP Consulting VI, LLC's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative, which was filed on October 19, 2018;
3. Defendant Skylar Capital Advisor's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative, which was filed on October 19, 2018;
4. Defendant Skylar Resources GP, LLC's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative, which was filed on October 19, 2018;
5. Defendant Brisa Max Holdings VI, LLC's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative, which was filed on October 19, 2018; and
6. Defendant Skylar Resources LP's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative, which was filed on October 19, 2018.

Plaintiff Evadine Davis filed no response to the motions. Based on the arguments before it, the Court will grant the motions for protective order in part and deny them in part.

## I.    BACKGROUND

Evadine Davis alleges that Defendants BP Consulting VI, LLC, Skylar Resources LP, Skylar Capital Advisers, LP, Skyler Resources GP, LLC, and Brisa Max Holdings VI, LLC,[1] wrongfully discharged her in violation of V.I. CODE ANN. tit. 24, § 76, *et seq.*, and breached the employment agreement between the parties.[2] Essentially, in the course of Davis' employment, BP Consulting allegedly requested that Davis perform certain demeaning domestic chores, which she refused, and Davis additionally viewed certain financial information of the owner of BP Consulting.[3] Both actions resulted in Davis' dismissal.

---

[1] The Court will collectively refer to all Defendants as "BP Consulting," unless otherwise specified.

[2] *See generally* First Am. Compl.

[3] First Am. Compl. ¶ 15.

On September 24, 2018, the Court issued a Second Amended Scheduling Order, which required that the parties complete fact witness depositions by no later than October 19, 2018. Davis subsequently issued six notices of depositions on October 18, 2018, in which Davis stated that she intended to commence the deposition of Kayla Bruzzese, Executive Vice President for BP Consulting, BP Consulting VI LLC, Skylar Resources LP, Skylar Capital Advisers, LP, Skyler Resources GP, LLC, and Brisa Max Holdings VI, LLC, on October 19, 2018. In response, BP Consulting filed six separate motions for a protective order and a motion to quash the notice directed at Bruzzese.

## II.    LEGAL STANDARD

The motions for a protective order implicate three rules from the Virgin Islands Rules of Civil Procedure: Rule 26, Rule 30, and Rule 45.

Rule 26(c) of the Virgin Islands Rules of Civil Procedure allows a party to move for a protective order on matters relating to a deposition. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[4] When satisfied, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"[5]

Rule 30(b)(1) provides the general requirements for issuing a notice of oral deposition. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party."[6] Whether reasonable written notice was provided is a fact sensitive inquiry that "must be determined under the individual circumstances of each case."[7]

Rule 30(b)(6) allows a party to notice a deposition naming "a public or private corporation, a partnership, an association, a governmental body, or other entity." The notice "must describe with reasonable particularity the matters for examination."[8] Once an organization is named, it "must then designate other persons who consent to testify on its behalf, . . . [and those] persons . . . must testify about information known or reasonably available to the organization."[9] If no person exists within the organization that could testify to every topic noted in the deposition, "the [organization] cannot avoid the deposition by such a claim, but must prepare a deponent to testify as to those matters."[10] In sum, this rule requires good faith on behalf of both parties. The party requesting the deposition "must reasonably particularize the subjects about which it wishes to inquire . . . and may not demand that a corporate designee be prepared to speak with encyclopedic

---

[4] V.I.R. Civ. P. 26(c).

[5] V.I.R. Civ. P. 26(c).

[6] V.I.R. Civ. P. 30(b)(1).

[7] *C&F Packing Co., Inc. v. Doskocil Companies, Inc.*, 126 F.R.D. 662, 678 (N.D. Ill. 1989).

[8] V.I.R. Civ. P. 30(b)(6).

[9] V.I.R. Civ. P. 30(b)(6).

[10] *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 540 (D. Minn. 2003).

authority."[11] "In return, 'the responding party must make a conscientious, good-faith effort to designate knowledgeable persons . . . and to prepare them fully and unevasively answer questions about the designated subject matter.'"[12]

Finally, where a "deponent is not a party and does not consent to attend, then his attendance can be compelled only by a subpoena issued under [Virgin Islands Rule of Civil Procedure] 45."[13] Rule 45(a)(1)(A) outlines the general requirements for a subpoena directed at a non-party deponent:

> (A) *Requirements – In General.* Every subpoena must:
> (i) state the court from which it issued;
> (ii) state the title of the action and its civil-action number;
> (ii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
> (iv) set out the text of Rule 45(d) and (e).

When issuing a notice to depose a non-party, both Rule 45 and Rule 30(b) must be strictly followed as "[a] deposition notice without a subpoena is not the proper procedure to depose a non-party."[14]

## III.    ANALYSIS

The pending motions present four questions to Court: (1) Did Davis provide "reasonable written notice" to BP Consulting of the depositions; (2) Does the information sought by Davis' depositions intrude into information protected by attorney-client privilege; (3) Does BP Consulting have to produce witnesses for the Rule 30(b)(6) depositions; and (4) Was the notice of deposition issued to Kayla D. Bruzzese satisfactory under Rule 45?

Preliminarily, however, the Court must determine whether BP Consulting has met the good faith certification requirement under Rule 26(c). Each motion for a protective order asserts that counsel for each Defendant "certifies that he has attempted to confer with Plaintiff's counsel regarding the subject matter of this motion, prior to the motion's filing."[15] This single statement is the only reference to any attempt to resolve the issues surrounding the depositions.

---

[11] *CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 322 F.R.D. 350, 361 (N.D. Iowa 2017).

[12] *Id.* (quoting *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 540 (D. Minn. 2003)).

[13] *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 392 (E.D. Penn. 1991).

[14] *Hay & Forage Industries v. Ford New Holland, Inc.*, 132 F.R.D. 687, 691 (D. Kan. 1990).

[15] Def. BP Consulting VI, LLC's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 1; Def. Skylar Capital Advisor's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 1; Def. Skylar Resources GP, LLC's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 1; Def. Brisa Max Holdings VI, LLC's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 1; Def. Skylar Resources LP's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 1.

2019 VI SUPER 2U

Though Rule 26(c) requires a certification of good faith, courts have found that a lack thereof is not fatal to a party's motion for a protective order where the party substantially complied with the requirement.[16] Typically, a party substantially complies with the certification requirement by providing the Court with ample evidence, either in the form of supporting exhibits, detailed explanations, etc., that he or she, in good faith, conferred with opposing counsel in an attempt to resolve the pending discovery dispute.[17]

Here, the Court finds that the certification requirement of Rule 26(c) is met. BP Consulting's assertion that it attempted to resolve the deposition dispute in good faith coupled with Davis' failure to dispute the lack of a good faith certification satisfies the Court. Further, the fact that the notices of deposition provided BP Consulting with only one business day in which to attempt to meet and confer with Davis supports the Court's finding that the certification requirement fulfilled. Although the Court finds that the certification requirement is met here, it cautions against failing to attach a proper good faith certification to future motions filed under Rules 26 through 37.[18]

### A. Davis failed to provide "reasonable written notice" as required by Rule 30(b)(1).

According to BP Consulting's motions for protective order, Davis issued the notices of deposition on October 17, 2018, with the intent of deposing all named Defendants on October 19, 2018. This short timeframe, BP Consulting argues, does not constitute reasonable written notice.

The Court agrees with BP Consulting. In general, a deposition requires ample preparation, and instances where two business days would constitute reasonable notice are the exception rather than the norm. When deposing an organization, two business days is simply not enough time for the organization to prepare because it must not only choose a representative to appear at the deposition but also must prepare that individual for the deposition itself.

Therefore, because reasonable written notice was not provided as required by Rule 30(b)(1), the Court will grant, in part, BP Consulting VI LLC's Emergency Motion for Protective Order, Skylar Resources LP's Emergency Motion for Protective Order, Skylar Capital Advisers, LP's Emergency Motion for Protective Order, Skyler Resources GP, LLC's Emergency Motion for Protective Order, and Brisa Max Holdings VI, LLC's Emergency Motion for Protective Order.

### B. The notices of deposition, as written, do not intrude into information protected by attorney-client privilege.

---

[16] *See In re Asbestos, Catalyst, and Silica Toxic Dust Exposure Litigation*, 68 V.I. 226, 235-36 (Super. Ct. 2018).
[17] *Id.* at 235.
[18] The Court recognizes that the Superior Court in *In re Asbestos* discussed the issue of whether a motion for a protective order related to an oral deposition requires a good faith certification under Rule 26(c) or 37-1. *See id.* at 232-36. Because the Court finds that BP Consulting satisfied the certification requirement here, it need not consider or elaborate on that issue.

BP Consulting next argues that Davis is seeking "testimony regarding the preparation of the Defendant[s'] answers to Interrogatories and the preparation of the Defendant[s'] Answer," which is information protected by attorney-client privilege.[19]

The Court disagrees. The notices of deposition explain that the deponents should be able to testify on the facts alleged in the Answer and the answers to the interrogatories, as well as elaborate on the documents produced. Nothing in the notices appear to be reaching for privileged information, and the information provided in the Answer and interrogatory responses is certainly not protected by attorney-client privilege, as privileged information disclosed to a third party – here, Davis – constitutes a waiver of the privilege.[20] In other words, any information that was potentially privileged that is now disclosed in the Answer and the responses to the interrogatories is now longer protected, and the Court sees no reason why BP Consulting's witnesses could not elaborate on the information already provided to Davis.

Of course, if Davis attempts to inquire into privileged communications and documents during the course of the deposition, BP Consulting "can raise objections at the appropriate times during the deposition, and the Court will subsequently determine if the objections have merit."[21]

Therefore, regarding BP Consulting's sought protection against the line of questioning, the Court will deny, in part, BP Consulting VI LLC's Emergency Motion for Protective Order, Skylar Resources LP's Emergency Motion for Protective Order, Skylar Capital Advisers, LP's Emergency Motion for Protective Order, Skyler Resources GP, LLC's Emergency Motion for Protective Order, and Brisa Max Holdings VI, LLC's Emergency Motion for Protective Order.

## C. BP Consulting must produce witnesses to be deposed as required by Rule 30(b)(6).

BP Consulting argues that Davis' request for a corporate representative of Skylar Resources LP, Skylar Capital Advisers, LP, Skyler Resources GP, LLC, and Brisa Max Holdings VI, LLC, to testify at the depositions cannot be met because such a person does not exist. According to these Defendants, they never hired Davis, thereby making the production of a person to testify as to Davis' work history impossible.

Again, the Court disagrees. First, as BP Consulting concedes, personal knowledge of the topic in question is not required of a Rule 30(b)(6) deponent. In fact, "[t]he rule requires only that designated persons testify as to matters 'known or reasonably available to the organization.'"[22]

---

[19] Def. BP Consulting VI, LLC's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 5; Def. Skylar Capital Advisor's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 5; Def. Skylar Resources GP, LLC's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 5; Def. Brisa Max Holdings VI, LLC's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 5; Def. Skylar Resources LP's Emergency Mot. for Protective Order as to the Dep. of Its Corporate Representative 5.

[20] *Fenster v. Dechabert*, Case No. SX-16-CV-343, 2017 WL 4969896, at *11 (V.I. Super. Ct. Sept. 27, 2017). *See also Montanez v. Publix Super Markets, Inc.*, 135 So.3d 510, 512 (Fla. Dist. Ct. App. 2014) ("[S]igned and verified answers to interrogatories served on an opposing party are obviously intended to be disclosed to a third person[.]").

[21] *Joseph v. Pricesmart LLC*, No. ST-15-CV-62, 2016 WL 852095, at *6 (V.I. Super. Ct. Feb. 29, 2016).

[22] *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

Because a Rule 30(b)(6) deponent does not need personal knowledge of the specific deposition topic, BP Consulting's assertion that, without a person that has personal knowledge of the alleged events, it cannot produce a Rule 30(b)(6) witness is equally unavailing. Essentially, even if the Court were to accept this unpersuasive statement, "[t]he fact that an organization no longer has a person with knowledge on the designated topics does not relieve the organization of the duty to prepare a Rule 30(b)(6) designee."[23] Under Rule 30, an organization has a duty to make a good faith effort to produce and prepare a Rule 30(b)(6) witness to competently answer the deposition questions.[24]

Therefore, as it pertains to Skylar Resources LP, Skylar Capital Advisers, LP, Skyler Resources GP, LLC, and Brisa Max Holdings VI, LLC's duty to produce a Rule 30(b)(6) witness, the Court will deny, in part, Skylar Resources LP's Emergency Motion for Protective Order, Skylar Capital Advisers, LP's Emergency Motion for Protective Order, Skyler Resources GP, LLC's Emergency Motion for Protective Order, and Brisa Max Holdings VI, LLC's Emergency Motion for Protective Order.

### D. Davis' notice of deposition that was directed at Kayla D. Bruzzese did not satisfy the requirements of Rule 45.

In its Emergency Motion to Quash Notice of Deposition of Kayla Bruzzese, BP Consulting argues that Davis failed to abide by all of the requirements set forth in Rule 45, particularly Rule 45(a)(4), Rule 45(a)(1)(A)(iv), and Rule 45(b). Because of these inadequacies, BP Consulting requests that the notice of deposition be quashed.

Though it is unclear whether Bruzzese must be served with a subpoena,[25] the Court finds that the notice of deposition is inadequate regardless because Davis failed to provide reasonable written notice as required by Rule 30(b)(1). Therefore, the Court will grant BP Consulting's Emergency Motion to Quash Notice of Deposition of Kayla Bruzzese.

## IV. CONCLUSION

Davis' notices of deposition are unsatisfactory under Rule 30(b)(1). As a result, the Court will grant, in part, each Emergency Motion for Protective Order and will grant the Emergency Motion to Quash. Further, notwithstanding their arguments to the contrary, each Defendant must produce a Rule 30(b)(6) witness to testify at the depositions to the issues described in the notices

---

[23] *Great American Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008).

[24] *Id.*

[25] If Kayla Bruzzese, in her position as Executive Vice President, is considered "an officer of a party," then a Rule 45 subpoena is unnecessary. *See Cleveland v. Palmby*, 75 F.R.D. 654, 656 (W.D. Okla. 1977) ("As Plaintiff has not established that Sparks is either a party to the instant action or an officer, director or managing agent of a party herein, Plaintiff can compel Sparks' attendance at a deposition examination only by issuance of a subpoena upon said witness pursuant to Rule 45(d)."); *Chemical Specialties Co. v. Ciba Pharmaceutical Products*, 10 F.R.D. 500, 503 (D.N.J. 1950) (concluding same). However, given the inadequacy of Davis' notice of deposition, the Court need not determine Bruzzese's status for Rule 45 purposes at this juncture.

of deposition but may object to any line of questioning that they find improper. In those respects, the Court will deny, in part, each Emergency Motion for Protective Order.

Accordingly, it is hereby

**ORDERED** that Defendants BP Consulting VI LLC, Skylar Resources LP, Skylar Capital Advisers, LP, Skyler Resources GP, LLC, and Brisa Max Holdings VI, LLC's Emergency Motion to Quash Notice of Deposition of Kayla Bruzzese is **GRANTED**; and it is further

**ORDERED** that Defendant BP Consulting VI, LLC's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative is **GRANTED in part** to the extent that it requests a protective order prohibiting Plaintiff Evadine Davis' notice of deposition, which scheduled the deposition on October 19, 2018, for failure to provide reasonable written notice as required under Rule 30(b)(1) of the Virgin Islands Rules of Civil Procedure; and it is further

**ORDERED** that Defendant BP Consulting VI, LLC's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative is **DENIED in part** to the extent that it requests a protective order against the topics in Plaintiff Evadine Davis' notice of deposition as those topics do not encroach on information protected under attorney-client privilege; and it is further

**ORDERED** that Defendant Skylar Capital Advisor's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative is **GRANTED in part** to the extent that it requests a protective order prohibiting Plaintiff Evadine Davis' notice of deposition, which scheduled the deposition on October 19, 2018, for failure to provide reasonable written notice as required under Rule 30(b)(1) of the Virgin Islands Rules of Civil Procedure; and it is further

**ORDERED** that Defendant Skylar Capital Advisor's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative **DENIED in part** to the extent that it requests a protective order against the topics in Plaintiff Evadine Davis' notice of deposition as those topics do not encroach on information protected under attorney-client privilege; and it is further

**ORDERED** that Defendant Skylar Resources GP, LLC's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative is **GRANTED in part** to the extent that it requests a protective order prohibiting Plaintiff Evadine Davis' notice of deposition, which scheduled the deposition on October 19, 2018, for failure to provide reasonable written notice as required under Rule 30(b)(1) of the Virgin Islands Rules of Civil Procedure; and it is further

**ORDERED** that Defendant Skylar Resources GP, LLC's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative is **DENIED in part** to the extent that it requests a protective order against the topics in Plaintiff Evadine Davis' notice of deposition as those topics do not encroach on information protected under attorney-client privilege; and it is further

*2019 VI SUPER 2U*

**ORDERED** that Defendant Brisa Max Holdings VI, LLC's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative is **GRANTED in part** to the extent that it requests a protective order prohibiting Plaintiff Evadine Davis' notice of deposition, which scheduled the deposition on October 19, 2018, for failure to provide reasonable written notice as required under Rule 30(b)(1) of the Virgin Islands Rules of Civil Procedure; and it is further

**ORDERED** that Defendant Brisa Max Holdings VI, LLC's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative is **DENIED in part** to the extent that it requests a protective order against the topics in Plaintiff Evadine Davis' notice of deposition as those topics do not encroach on information protected under attorney-client privilege; and it is further

**ORDERED** that Defendant Skylar Resources LP's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative is **GRANTED in part** to the extent that it requests a protective order prohibiting Plaintiff Evadine Davis' notice of deposition, which scheduled the deposition on October 19, 2018, for failure to provide reasonable written notice as required under Rule 30(b)(1) of the Virgin Islands Rules of Civil Procedure; and it is further

**ORDERED** that Defendant Skylar Resources LP's Emergency Motion for Protective Order as to the Deposition of Its Corporate Representative is **DENIED in part** to the extent that it requests a protective order against the topics in Plaintiff Evadine Davis' notice of deposition as those topics do not encroach on information protected under attorney-client privilege; and it is further

**ORDERED** that, **on or before January 21, 2018**, the parties **SHALL** meet and confer, and **SHALL** file a Third Joint Amended Scheduling Plan, which shall include a new deadline for fact witness depositions; and it is further

**ORDERED** that Defendants BP Consulting VI LLC, Skylar Resources LP, Skylar Capital Advisers, LP, Skyler Resources GP, LLC, and Brisa Max Holdings VI, LLC, **SHALL** each, in good faith, **produce a competent witness to testify at the rescheduled Rule 30(b)(6) depositions**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATE: 1/8/2019

**DENISE M. FRANÇOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:
Estrella H. George
Clerk of the Court

By: _____
Lori Boynes-Tyson
Chief Deputy Clerk  1/8/19